IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **05-cv-01109-EWN-MJW**

DAVID PIGFORD,

Petitioner,

v.

WARDEN RON LEYBA, et al.,

Respondents.

---

**RECOMMENDATION ON
APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to a General Order of Reference to United States Magistrate Judge issued by District Judge Edward W. Nottingham on July 20, 2005 (Docket No. 8).

The pro se incarcerated petitioner, David Pigford, submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on June 7, 2005 (Docket No. 3), and an Amended Application on July 5, 2005 (Docket No. 4).  The respondents timely filed an Answer on August 22, 2005 (Docket No. 11).  The court now being fully informed makes the following findings, conclusions, and recommendation.

In his Amended Application, the petitioner challenges a judgment of conviction entered in the Denver District Court upon a jury verdict finding him guilty of two counts

2

of aggravated robbery.  Following a hearing on the petitioner's habitual criminal status, the trial court found the petitioner guilty of five habitual criminal counts.  On May 29, 1997, the petitioner was sentenced to two concurrent 64-year terms of imprisonment.  (See Docket No. 4-2 at 6).  The Colorado Court of Appeals affirmed the conviction in an unpublished opinion on November 18, 1999.  (Resps.' Ex. C ).  The Colorado Supreme Court denied certiorari on **March 20, 2000**.  (Docket No. 4-2 at 2).  The Mandate issued on **April 3, 2000**.  (Docket No. 4-2 at 3).

Petitioner then filed a pro se Colo. Crim. P. 35(c) motion on **December 31, 2001**.  (Resps.' Ex. M).[1]  That motion was denied by the trial court on July 3, 2002 (Docket No. 4-2 at 4), and that denial was affirmed on appeal on December 11, 2003.  (Docket No. 4-2 at 5; Resps.' Ex. G).  The Colorado Supreme Court denied certiorari on May 3, 2004.  (Docket No. 4-2 at 9; Resps.' Ex. I).

While the petitioner's appeal of the denial of his 35(c) motion was pending, he filed a second 35(c) motion on April 8, 2003, which was denied by the trial court.  (Docket No. 4-2 at 11 and 12).  The Colorado Court of Appeals ruled that the motion was properly denied as successive.  (Resps.' Ex. M).  The Colorado Supreme Court denied certiorari on January 10, 2005.  (Docket No. 4-2 at 14; Resps.' Ex. O).

Petitioner then submitted his Application to this court on June 7, 2005 (Docket No. 3 - actually filed on June 16, 2005), which he amended on July 5, 2005 (Docket No. 4).  Petitioner raises the following claims for review: (1) whether the photo lineup used

---

[1] In his Amended Application, the petitioner states that he filed this motion on December 26, 2001 (Docket No. 4 at 4).

3

for identification of the petitioner was unduly suggestive; (2) whether the petitioner was subjected to an unlawful search and seizure under the Fourth Amendment; (3) whether the trial court erred in allowing the introduction of clothing found at the petitioner's residence without any foundation; (4) whether the petitioner should have been allowed to go forward with his motion to suppress his prior convictions due to excusable neglect; (5) whether the trial court erred in denying the petitioner's motion for post-conviction relief; and (6) whether the trial court erred in denying the petitioner's motion for post-conviction relief without jurisdiction and without the records in the case.

The respondents assert that the Application should not be granted on the following grounds: (1) the Application is untimely; (2) claims three and four were not exhausted; (3) to the extent the claims are unexhausted, petitioner is now procedurally barred from raising them in the state court; (4) the photographic lineup used to identify the petitioner was not unduly suggestive; (5) Fourth Amendment violations are not cognizable in a federal habeas corpus proceeding; (6) petitioner's claim that the trial court erred by allowing clothing found at his residence to be introduced at trial without the proper evidentiary foundation does not constitute a violation of a federal constitutional right; (7) whether the petitioner should have been permitted to litigate the validity of his prior convictions under § 16-5-402, C.R.S., is a matter of state law; and (8) whether the trial court properly denied the petitioner's motion for post-conviction relief does not state a cognizable claim for federal habeas corpus relief.

"In 1996, Congress amended the long-standing prior practice in habeas corpus litigation that gave a prisoner virtually unlimited amounts of time to file a federal habeas

4

petition in federal court." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). As enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations for filing a habeas petition is now set forth in 28 U.S.C. § 2244(d)(1). That section provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d)(1). "Direct review" has been construed to include the period within which the petitioner can file a petition for a writ of certiorari from the United States Supreme Court, regardless of whether the petitioner actually files such a petition. See Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001). Furthermore, the statute provides the following tolling provision: "(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2241(d)(2).

In this case, the petitioner did not file a petition for a writ of certiorari from the United States Supreme Court, so the one-year limitations period began to run ninety days after the Colorado Supreme Court denied certiorari review after his direct review. The Colorado Supreme Court denied certiorari on **March 20, 2000** (Docket No. 4-2 at 2), and the Mandate issued on April 3, 2000. (Docket No. 4-2 at 3). Ninety days after the latter date is July 3, 2000. Therefore, at the latest, the one-year limitation period

expired on July 3, 2001. There was no tolling from a state post-conviction motion during this period because the petitioner did not file his first state 35(c) motion until December 2001, at which point the one-year statute of limitations had already expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). "AEDPA's one-year statute of limitations is subject to equitable tolling but only in 'rare and exceptional circumstances.'" Id. at 1143. No such circumstances have been presented here. Therefore, this court agrees with the respondents that the petitioner's habeas Application, which was submitted to the court on June 7, 2005, was untimely and, as amended, should be dismissed pursuant to 28 U.S.C. § 2244(d)(1).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 submitted on June 7, 2005 (Docket No. 3), as amended on July 5, 2005 (Docket No. 4), be **DENIED** as untimely.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411,**

6

**1412-13 (10th Cir. 1996).**

Dated: January 12, 2006          s/Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                 United States Magistrate Judge